David J. McGlothlin, Esq. (SBN: 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Phone: (602) 265-3332
Fax:     (602) 230-4482

Attorneys for the Plaintiff
Christopher Gomes

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Gomes,<br><br>     Plaintiff,<br><br>v.<br><br>Interstate Lending LLC,<br><br>     Defendant. | **Case No:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1.  The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks that consumer reporting agencies exercise their

Hyde & Swigart
Phoenix, Arizona

grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.   The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.   Christopher Gomes, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Interstate Lending LLC ("Defendant"), with regard to to erroneous reports of derogatory and negative credit information made by Defendant to national reporting agencies, and for failure of Defendant to properly investigate, and this conduct caused Plaintiff damages.

3.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.   Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

6.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

7.   This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

8.   Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9.   Venue is proper pursuant to 28 U.S.C. § 1391.

HYDE & SWIGART
Phoenix, Arizona

**PARTIES**

10. Plaintiff is a natural person who resides in the City of Phoenix, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Phoenix, County of Maricopa, State of Arizona.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendant is also a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. On or about April 2013, Plaintiff is alleged to have incurred certain financial obligations, in the form of an automobile purchase.

17. Plaintiff alleged lemon law violations associated with the purchase of this automobile, and with the assistance of legal aid counsel, Community Legal Services, Plaintiff negotiated a return of the vehicle with each party agreeing to "release all claims stemming from the transaction."

18. This agreement released and discharged Plaintiff from any obligations under the vehicle purchase.

19. Plaintiff returned the car based on this settlement, but this was in no way a "voluntary surrender" or repossession of the vehicle for lack of payment.

20. Plaintiff subsequently learned that Defendant had incorrectly reported the alleged debt on his credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

21. Specifically, Defendant had reported the debt as being owed by him when in fact it is not, to all three credit reporting agencies ("CRAs"), with a recent balance owed of $4,761, as well as reported that the account was past due and a voluntary surrender.

22. Plaintiff disputed the accounts pursuant to 15 U.S.C. § 1681i(a)(2) by notifying all three credit report agencies, in writing, informing them of the incorrect entries including the fact that a balance was not owed, not past due, and not a voluntary surrender as that term is defined on Plaintiff's credit report.

23. Subsequently Plaintiff received notification from CRA Experian that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Defendant had reported the alleged debt was owed by Plaintiff with a past due balance.

24. Plaintiff believes that Defendant, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

25. Plaintiff believes further believe that Defendant failed to review all relevant information provided by Plaintiff in his dispute to CRAs as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

26. Due to Defendant's failure to investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1) (E), thereby causing Defendant to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1) (C).

27. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRAs was fruitless.

28. Defendant's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

29. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

30. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

31. Defendant's actions caused Plaintiff damages including harm to his credit as well as emotional distress and mental anguish type damages which manifested in symptoms including but not limited to: stress, anxiety, worry, sleeplessness, hopelessness, pessimism, frustration, embarrassment, and humiliation.

## CAUSES OF ACTION

## COUNT I

## FAIR CREDIT REPORTING ACT (FCRA)

## 15 U.S.C. §§ 1681 ET SEQ.

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

33. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

34. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

HYDE & SWIGART
Phoenix, Arizona

35.    As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

36.    An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

37.    An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

38.    An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

39.    An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

### TRIAL BY JURY

40.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: March 18, 2014                    **Hyde & Swigart**

                                        By: */s/ David J. McGlothlin*
                                        David J. McGlothlin
                                        Attorney for the Plaintiff

HYDE & SWIGART
Phoenix, Arizona